## STATE v BYRNS

Ohio Appeals, 9th Dist, Summit Co

No 2517.   Decided Oct 16, 1934

John W. Bricker, Attorney General, Columbus, Isadore Topper, Asst. Atty. Gen., Columbus, Thomas M. Miller, Asst. Atty. Gen., Columbus, and C. C. Benner, Director of Law, Akron, for plaintiff in error.

Simon Kail, Akron, and William A. Slater, Akron, for defendant in error.

## OPINION

By WASHBURN, PJ.

The specific ruling of the court was that said entire act is unconstitutional, because it confers corporate powers upon the liquor board, in violation of §1 of Art. XIII of the Constitution of Ohio, which provides:

"The General Assembly shall pass no special act conferring corporate powers."

As we construe said act, it creates a department of the state government for the

purpose of controlling and regulating the manufacture of and traffic in intoxicating liquors.

In a part of the act the legislature vests in the board of liquor control the power, if exercised in the manner and under the circumstances prescribed by the legislature to issue permits authorizing the holders of such permits to sell intoxicating liquor in accordance with the regulations prescribed by the legislature and such regulations as the legislature has given the department the power to make, and prohibiting a sale without such permit.

Unregulated traffic in intoxicating liquor being a universally recognized evil, the legislature, under the police power granted it by the constitution, was amply and fully authorized to pass that part of the act referred to above, and we know of no provision of the constitution that is violated by so much of the act as relates to the issuance of permits mentioned above.

The part of the act which has been mentioned, in no manner involves the question of conferring corporate powers, and if other parts of the act do violate the constitution by conferring corporate powers, or if other parts of the act do violate any other provision of the constitution, the party arrested for a violation of the part of the act relating to a sale without a permit cannot complain of such unconstitutional parts in this proceeding, if the constitutional part of the act (which it is alleged was violated in this case) is independent of and severable from the alleged unconstitutional parts of the act, so that each may be read by itself. If, when the alleged unconstitutional parts are stricken out, the constitutional part is complete in itself without the insertion of words or terms, and is capable of being executed in accordance with the apparent intention of the legislature, wholly independent of that which is rejected, the constitutional part will be given force and effect.

Geiger v Geiger, 117 Oh St 451.

8 O. Jur., "Constitutional Law," p. 194, et seq.

The conditions confronting the legislature when the act was passed, and the provisions of the act itself, make it very apparent that the legislature intended that the provisions of the act in reference to requiring a seller of intoxicating liquor to have a permit, should be enforced under any and all circumstances, for in the act many of the then existing enforcement laws were repealed, and the legislature surely did not intend that the state should be without effective laws to regulate the traffic in intoxicating liquors.

Moreover, in the act the legislature plainly and unmistakably declared its intention to be that if said alleged unconstitutional parts of the act should be declared to be a violation of the constitution, the balance of the act should be enforced.

The provision of the act just mentioned is §6064-62, GC, and reads as follows:

"The sections and parts of sections included in this act are hereby declared to be independent sections and parts of sections; if any such section or part of section shall be held invalid, such holding shall not affect the remainder of this act, nor the context in which such part of section so held invalid may appear, excepting to the extent that an entire section or part of section may be inseparably connected in meaning and effect with the section or part of section to which such holding shall directly apply. The intention and purpose of this act extends to the control and regulation of the traffic in intoxicating liquor in this state to the full extent permitted by the constitutions of this state and of the United States."

Our conclusion is that the part of the act which Byrns was charged with violating does not violate the constitution of the state and is not inseparably united with the other parts of the act, and is therefore enforceable even if other parts of the act are unconstitutional; but it is unnecessary for us to decide whether such other parts of the act violate the constitution.

The Municipal Court erred in its ruling on the motion, and its judgment discharging Byrns is reversed, and the cause is remanded to that court for trial.

FUNK and STEVENS, JJ, concur in judgment.